JOSEPH WEIL, Respondent, *v.* AARON LEVY, Appellant.

*Interlocutory judgment directing an accounting — is appealable under Code of Civil Procedure, § 1349 — when the plaintiff is entitled to it.*

An interlocutory judgment, in an action brought to compel an accounting by the defendant as a mortgage trustee, which adjudges that the plaintiff is entitled to an accounting, and refers the matter to a specified referee to hear and determine it, is appealable under the provisions of section 1349 of the Code of Civil Procedure.

An assignment of a chattel mortgage was executed and delivered, for the benefit of the holders of two promissory notes secured thereby, to a person who took possession of the mortgaged property.

*Held,* that the holders of such notes were entitled, in an action brought to compel an accounting, to a judgment directing such assignee to account, and appointing a referee to hear and determine the matter.

APPEAL by the defendant, Aaron Levy, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of January, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term directing that the plaintiff have judgment for an accounting by the defendant for certain chattels, and referring the matter to a referee to hear and determine.

Upon August 1, 1892, John J. Goodwin made two promissory notes in which Joseph C. Coggeshall was named as payee. As collateral security for the payment of the notes, he delivered to Coggeshall a chattel mortgage executed by him. Before the maturity of the notes Coggeshall transferred one of them to Aaron Levy, and thereafter he transferred the other to Joseph Weil. Thereafter, and before the maturity of such notes, by an instrument in writing, Coggeshall executed and delivered to Aaron Levy an assignment of such chattel mortgage, of which the following is a copy :

" Know all men by these presents, that I, Joseph C. Coggeshall, of the city, county and State of New York, party of the first part, in consideration of the sum of valuable consideration in dollars lawful money of the United States to me in hand paid by Aaron Levy, of the city of Brooklyn, county of Kings and State of New York, party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have

granted, bargained, sold, assigned, transferred and set over and by these presents do grant, bargain, sell, assign, transfer and set over unto the said party of the second part, a certain chattel mortgage bearing date the first day of August, in the year one thousand eight hundred and ninety-two, made by John D. Goodwin of the said city of Brooklyn to me to secure the payment of the sum of one thousand dollars and filed in the office of the register of Kings county on August 4th, 1892, at 9.40 o'clock A. M. and the money due and to grow due thereon with interest, to have and to hold the same unto the said party of the second part, his executors, administrators, and assigns forever, subject only to the proviso in the said chattel mortgage mentioned and I do hereby make, constitute and appoint the said party of the second part my true and lawful attorney irrevocable in my name or otherwise, but at his proper costs and charges to have, use and take lawful ways and means for the recovery of the said money and interest and in case of payment to discharge the same as fully as I might or could if these presents were not made.

" In witness whereof, I have hereunto set my hand and seal the 13th day of January, in the year 1893.

" JOSEPH C. COGGESHALL.   [L. S.]

" Sealed and delivered }
  in the presence of }
        " ISAAC LUBLIN."

Thereafter this action was commenced by Weil against Levy, the complaint in which alleged the conversion by Levy of the property covered by such chattel mortgage for his own use, and demanded judgment that he be required to account to the plaintiff for the same.

*M. L. Towns*, for the appellant.

*J. Stewart Ross*, for the respondent.

BROWN, P. J. :

The interlocutory judgment in this action is appealable. (Code Civ. Proc. § 1349.) Upon the evidence in the case the defendant was a trustee of the chattel mortgage for the payment of the two notes held by himself and the plaintiff. The complaint alleged that it was given " as collateral security for the payment of said two notes," and that allegation was admitted by the answer. Coggeshall,

the payee of the notes and the mortgagee, testified that the agreement at the time of the assignment was that defendant was to pay his own note and turn the balance over to him for the payment of plaintiff's note, and this was substantially corroborated by Mr. Lublin, who drew the assignment. After defendant took possession of the mortgaged property, the evidence tended to show bad faith in relation to the sale thereof. But whether there was bad faith or whether there was a *bona fide* sale, are questions which have not been determined.

The court, in its decision, did not find that there had not been a sale, but it refused, on defendant's request, to find that there had been one, and this question is left to be determined by the referee.

It did decide, however, that the assignment of the mortgage was executed and delivered to defendant for the benefit of the holder of said two notes secured thereby, and that defendant had taken possession of the mortgaged property.

This entitled plaintiff to an accounting, and that is all that the interlocutory judgment has determined.

The value of the mortgaged property, and whether there was a *bona fide* sale thereof, and what sum defendant received or is to receive therefor, are questions to be determined by the referee appointed by the judgment.

The appellant claims that as his note matured before that held by plaintiff it carried with it a *pro tanto* and not a *pro rata* interest in the security. This proposition is not now before us. The trial court did not decide to the contrary, and no exception presents the question for review. It will be determined by the final judgment that will be entered upon the referee's report, and until that is rendered, discussion of the question is premature.

The judgment is affirmed, with costs.

All concurred.

Judgment affirmed, with costs.